This is a video of the Kodak Innovations, LLC, LLC, which is a company that is based in New York City.  We will hear argument next in number 161665, CTP Innovations v. Eastman Kodak Company. Mr. Miller, can you begin by addressing the matter that arose at the end of last week when Judge Garbus concluded that there was not in fact an effective assignment making CTP the owner at the time of the filing of the lawsuits that were before Judge Garbus? Yes, it pleased the court. That is a ruling that we thought it was necessary to bring to the court's attention. The petitioners have taken the position that it does not impact this appeal. Let's talk about a few specifics because we need to think about whether we actually have power to act in this case and what we should do and so on. Has there been any subsequent assignment from Donnelly to CTP, subsequent to the assignments that Judge Garbus was talking about, that might now make you a patent owner on the assumption, which I know you dispute, that Judge Garbus is right about you not having been the patent owner at the time of the initiation of those lawsuits? Yes. Those assignments have been executed. They were executed on Friday, I believe, late Friday morning. So that implicitly answers the question whether Donnelly knows what's going on here. I assume it does know that there was a cancellation of a patent that, at least according to Judge Garbus' rulings, belongs to them, not to you. Correct. Donnelly is aware of Judge Garbus' ruling and executed an assignment from Donnelly to Media Innovations, I believe it was at 9.53 a.m., I believe, and then at a subsequent time period that afternoon or later that morning, Media Innovations assigned the rights to CTP Innovations. This was last Friday, you're saying? But I thought Judge Garbus' ruling was that the patent was owned by Banta and there was no assignment from Banta forward. There was an assignment from Donnelly, but Donnelly acquired just the stock, not the asset. Respectfully, Your Honor, I believe that's inaccurate. The court held that there was a valid assignment from Banta to R.R. Donnelly. The question is whether the subsequent assignment from Banta to R.R. Donnelly still enacted the transfer from Donnelly to Media Innovations and subsequently to CTP Innovations. All right, I'm confused. So as of last Friday, Donnelly clearly had these patents, and so last Friday, you're saying Donnelly executed a new assignment to what, to Media and then Media to you? That is correct, Your Honor. Do you think that on the assumption that it was those assignments six days ago that made you the patent owner, that the board's ruling at a time you were not the patent owner, again, this assumes Judge Garbus is right, that that isn't a legally effective decision, a final written decision canceling claims of a patent in a proceeding that on those assumptions the actual patent owner at the time was not a party to? I'm trying to figure out what we need to do, what we should do, what we can do in these circumstances. Let me answer your question directly. Under the regulations promulgated by the Patent Office and by the Director, the petitioners are required to not only name but also serve the patent owner. Well, the one, I think, if I have the regulation, the one recorded, isn't it? I don't believe it's the recorded, I believe it's the owner. 42-102, is that right? 42-103. 42.105. It is 42.105A. The petition and the supporting evidence must be served on the patent owner at the correspondence address of record of the subject patent. What does that mean, correspondence address of record? In this particular case, Your Honor, the correspondence address was still listed with Donnelly's attorney, but the application or the actual petition referenced only the patent owner who they believed to be the patent owner, which is CTE Innovations, and all throughout every filing, every pleading with the board and with this court, the petitioners have referenced CTE Innovations as the owner of the patent. But what impact would it be if CTP was not in fact the owner at the time the petition was filed? In other words, that the petitioner directed this to CTP as the perceived owner at the address listed, but what's the impact if CTP was not in fact the owner at that time? The impact may very well be that the court would need to remand this case with instructions to dismiss all of the petitions that petitioners have filed against CTP Innovations. That is one potential impact of this. They are void ab initio. If an alternative would be… But then what would happen? Then presumably Kodak would refile the same petition against the same CTP and the patent office would issue the same ruling and we'd be back here again. It is appellant's position that we agree with you and that would be terribly inefficient and a waste of both the party's and the court's resources to go through what have been, as indicated in the petition itself, and there are appellate briefs. There are a number of appeals too that were recently filed on petitions where we were actually successful in debating the petitions. There's also one that remains on reconsideration. There is another petition that was subsequently filed after this set of four that also remains in reconsideration and there are two petitions that were denied at the beginning of the board declined to take them up that were filed against CTP Innovations. I suppose you could argue that, well, if CTP wasn't the owner at the time, that's not a standing defect as you would have in the district court where a party filing a lawsuit that was not the patent owner wouldn't have standing. The Kodak, as the petitioner, certainly had a right to file a petition. The patent office certainly had a right to act on the petition. The fact that the responding party may not have had title at the time seems to me doesn't present the same sort of standing case or controversy issues that you would have in a district court setting. So I think that you may be right that it really doesn't matter as long as in this court there's a case of controversy, which means that in this court, unless your client has title, you're not an issue. Do we know what's going on? Okay. Maybe it's come to an end. Focus for a minute on Donnelly. If Judge Garbus was right, then Donnelly was the owner of this patent at the time of the IPR proceedings in this case. How do we know what kind of papers might we get? How do we know that Donnelly is not jumping up and down saying, our patent has been canceled. We weren't there. That's got to be undone. By virtue, and it is not in the record, by virtue of the assignment on Friday. And it is undisputed that there is a contract between Donnelly and CTP Innovations. To effectuate the assignment. I would request that you submit a copy of that to us. Your Honor, may I submit a copy of the new assignments? Absolutely, please. Is there any chance that... Not right now, you can do it afterwards. The last week assignment, was it in any way numpro-tunk, or was it given retroactive effect? It was not. We have not decided yet whether we will appeal Judge Garbus' ruling. We do believe it is incorrect, but in the interest of efficiency. Some of these cases were filed in June of 2013, and we are just now getting to the stage of discussing standing. So, whether we decide to refile or appeal has not been decided. Maybe we can get to the merits now. Yes, Your Honor. Thank you. And so I'm clear on time, was that part of my... It was, unfortunately. All right. I'll get right to it. If you're saying things that are just fascinating and we don't want to stop, we'll go on. For purposes of oral argument, there is one primary issue that if resolved in appellant's favor, should warrant reversal of the Board's decision to cancel claims 1 through 9 by finding them unpatentable. That issue is whether the Board unreasonably and arbitrarily failed to apply 37 CFR section 42.12. If the Board unreasonably and or arbitrarily failed to apply this regulation, the Board incorrectly admitted into evidence the supplemental declaration of Johan Sweetens, which is Exhibit 1024, and the declaration of Michael Yon, which is Exhibit 1023, because it did so, one, without the motion that is required by 42.123, or two, meeting 42.123's requirement to show that supplemental information, the supplemental information submitted reasonably could not have been obtained earlier. If those two declarations are excluded, three of the facts relied upon by the Board to determine that Apogee was publicly accessible and therefore proper art, proper prior printed publication under section 102, were not publicly accessible prior to July 30th, 1999, the critical date. And thus, Apogee itself should not have been considered. The only fact that the Board could rely on at that point, excluding those three points that rely on the Sweetens supplemental declaration and the Yon declaration, is the fact that Apogee was printed at least as early as 1998. Without establishing more than printing by Apogee, the petitioners have failed to carry the burden to show that Apogee is a proper reference for an IPR. All of the combinations asserted for obviousness rely on Apogee as a necessary element. Without Apogee as an element of those combinations, the Board's decision must be reversed. Further, there seems to be a significant issue to a number of petitions and IPRs because it determines what evidence and what supplemental information may be submitted beyond that that is in the petition and beyond that that is submitted with the patent owner's response. Further, there seems to be considerable confusion among the administrative law judges as to the applicability of section 42.123 as it relates to supplemental information, both relevant and not relevant, and supplemental evidence under 42.64B2. Resolution of this primary issue, therefore, is important not only to the present proceeding, but to many other, if not all of the other IPR proceedings as well. What is your view of how to square the language, your apparent interpretation of the language of 123B, with the clear permissibility of submitting evidence with a reply? Your Honor, if you look at the cases... No, I'm just looking at the language. A party seeking to submit supplemental information more than one month after trial is instituted must request authorization to file a motion to submit the information. The reply, and I guess even the patent owner response, is going to be more than a month after trial. The patent owner's response is actually in the statute. After trial is instituted. The ability to file declarations as evidence with a petition is found in section 35 U.S.C. 113. The ability of a patent owner to submit declarations along with their patent owner's response is actually found in 35 U.S.C. 316A8, I believe, Your Honor, where it sets forth those requirements. There is nothing in the statute that sets forth the ability to file a reply. Instead, in section 316A, there is a directive for the director to establish regulations for the submission of supplemental information. The difference between supplemental information, which is any... I guess I just may be confused about this. The regulations establish, slightly indirectly, the right of reply, sort of referred to in the timing. But the regulations say you get to do a reply. That's well after, far more than a month after trial is instituted. Regular course. They don't have to meet the specific requirement here, do they, of 123B for supplemental information? To file a reply brief and make argument, that is provided for within the regulations. There is no reference within that regulation that refers to the submission of reply evidence. Reply evidence. Reply evidence, which is a significant distinction between reply argument and reply evidence. A petitioner is freely able to... So in your view, whenever the petitioner on reply submits evidence, it needs to meet the standards of 123B. That is correct, Your Honor. Both relevant... Is that the way it's been done in the last 150 or 200 IPRs? It's been inconsistently applied. If you look at the Newvasive versus Warsaw Orthopedics case, IPR 2013-00202, paper 22. In footnote 3, it says, while a petitioner may file supplemental evidence, it must do so by way of a motion, and it must seek authorization to file such a motion. And it cites 237 CFR 42.123. Also, in the Gnosis versus South Alabama Medical Science Foundation case, it's IPR 2013-00116, with paper 29 at 3. It says, in the event petitioner files a motion to exclude evidence, the patent owner may seek authorization to file an opposition thereto and to file as supplemental evidence. Those are two cases that both specifically note that supplemental evidence. The problem here seems to be the confusion between supplemental evidence and supplemental information. Supplemental evidence is that which is provided subject to an objection to the other side, and you submit supplemental evidence to the other side. You may not file it with the board. However, if you seek to file it with the board, any evidence that is not contained in the petition, it is not contained in the patent owner's response, must come in as supplemental evidence. There is good reason for this, as explained in the statute. You must show, if you're the petitioner, that it could not have been raised earlier, or why it was not raised earlier. Here, that's a very significant question. Both the Sweeten Supplemental Declaration and Mr. Yon's Declaration, they're former employees of AGFA. AGFA is a petitioner in this case. Apogee is a piece of art that AGFA has set forward and said that it is ours, and we were passing out this piece of prior art. Sweeten Supplemental Declaration and Yon's Supplemental Declaration were submitted to us in response to our motion to exclude, saying that the deposition testimony that we submitted... The board has a lot of discretion in regulating how evidence comes in, and it was reasonable to allow this evidence in, once you made a certain challenge that you did in your patent owner's response. There are two reasons for that. First is 37 CFR 4261 says, evidence if not taken, submitted, or filed in accordance with this subpart is not admissible. Therefore, the only means... The rules have been established that the only means to do that is to submit it in accordance. Here, that would be Section 123, which allows for supplemental information. Now, the board may waive or suspend these rules, and we don't dispute that. However, in this case, there was neither a request to waive the rule nor a request to suspend the rule. In fact, the petitioners just filed the evidence, which goes to a necessary part of their prima facie case, establishing the date they filed it. And then you objected at that time? We did. And then what did the board say? The board never issued a non-final action. Instead, the board issued their final determination, in which they determined that the motion to exclude, both our first one and our second one, were rejected because the evidence submitted went to the weight of the evidence, and it was not based on an evidentiary rule. It said that, one, reply evidence is permitted, and it ignored applying Section 123. And it said, two, that it wasn't actually supplemental evidence, and to the extent it was supplemental evidence, it could become supplemental information. Doesn't the board, though, have the discretion to accept so-called reply evidence, even though it might not meet the Rule 42.123? No, Your Honor. All evidence should be submitted. They have no discretion. They have discretion if there is a waiver or suspension of the rules. Here, there was no waiver or suspension of the rules. They did not say we waived it. They don't have the discretion to simply waive it by accepting it? There has to be a formal motion to waive, and then a formal ruling on the motion to waive. Can't they just say, this is relevant, and under the circumstances, we're going to hear it? Under that scenario, the exception would subscribe the rule. All of the regulations would not be in place. Not necessarily. It would only apply when there's a reply, and only they could limit it to situations where, you know, earlier submissions of evidence were challenged, for example, as in this case. If the board would like to propagate those rules, they could make that rule. They have the direction in the statute where they can make their own rules. They have not made that rule. To simply apply it here or there is arbitrary. There is no rule in the regulations. There is nothing in the statute that says reply evidence is permitted outside of making a motion to request it for supplemental information. In fact, that is in the statute itself, in Section 316, that the board is to provide mechanisms for the submission of supplemental evidence. But the board does operate under the broader umbrella of the APA, correct? The Administrative Procedures Act? Correct. So that provides a whole panoply of discretionary authority that might very well apply under these circumstances to give the board the authority to accept this evidence in response to an earlier challenge. Your Honor, we would argue that they have exceeded that authority and that it was arbitrary in the way that they are doing it. There are board decisions on both hands, right? You have the board decision here. You have the board decision cited by a petitioner, which we believe is incorrect as well. Then you have the handicraft case, which says that supplemental information may be submitted, but supplemental information goes to admissibility. Supplemental information goes only to the merits of the claim and supplemental evidence is only in response to a motion to exclude and therefore is used for that basis. It should not be used outside. So you have, for lack of a better word, a mess among the decisions deciding what is supplemental evidence, what is supplemental information, and how it should be submitted. We would submit, Your Honor, that based on how they have submitted it and the lack of rules, that it's an arbitrary and unreasonable failure to apply Section 123. Thank you. And we'll restore your three minutes of rebuttal. I'm sorry? We will restore your three minutes of rebuttal. Thank you, Your Honor. Good morning. Your Honor, if you may please the court, before getting into rebuttal, I just want to address the outstanding motion. We do actually have copies of that assignment handy if the court would like those copies. If the two sides can submit a joint, submit it jointly without disputes. Or if you have them and you can direct it to the court deputy, that would be fine. Okay, we do have them and we will do that. Just on the question of the... Can I just double check? Is there any dispute about the correctness of this? I have not seen these documents. Do it afterwards then, please. Okay. There's no dispute with respect, again, to the motion that we served the petition on the correspondent address of the Patent Office. That's what the rule requires, the fact that we referenced CTP in the petition. We followed the rule, and sometimes following this rule at the Patent Office doesn't seem straightforward because patents get assigned, records aren't updated. But nevertheless, you send or you serve the petition on the correspondent's address even though you know it may be wrong. So in this case, we serve the correspondent's address and we also serve CTP. So everyone was on notice of what was going on. My friend's firm has been representing CTP for years. These litigations have been going on for years. There's public commentary from R.R. Donnelly that's been released to magazines about their relationship with CTP. So this is not a surprise to anyone, and there's certainly prudential standing. So just to make it crystal clear, Donnelly was served with your petition? Whoever the patent owner of record was served with the petition. I'd have to go back and double check if that was R.R. Donnelly. Whoever was the last firm to have prosecuted the case and enter an appearance at the patent office and who was address of record was served because that's what the rule requires. Right, but I guess your position now in light of what happened in front of Judge Garbus is that at that time when the petition was filed, it was Donnelly that was the patent owner, not CTP Innovations or anybody else. That was what Judge Garbus' decision related to constitutional standing, but that's correct. He determined that the rights were not properly conveyed ultimately to CTP, but I believe both were separately served and were certainly well aware. Also, the patent office simply requires a practitioner to come in and represent that they're authorized to argue on behalf of a patent owner. If you're not authorized, you're risking your registration number. This is typically not something that the patent office looks into. They expect that the records be kept up to date and they operate based upon those records. All right, and again, just to be clear about what's in my mind, it does seem to me pretty important to nail down with some express statement that Donnelly knows what's going on and is not now claiming to be the patent owner. That's correct. Else we might have a cancellation of a non-parties patent. I don't believe that's... Maybe it fell into it, but it would be somewhat comforting to know that that's not what we have and it seems to me Donnelly needs to say something. Well, I think that assignment that was executed within 24 hours of CTP's motion... If you all agree with that with some indication that... I mean, neither one of you represents Donnelly, so it's the missing person that's of some concern here. Let me ask you this. The assignment that we're talking about, the one executed on Friday, was from Donnelly to CTP? There was... I believe there was several assignments. One was from Donnelly to an intermediate... Donnelly Media Company. Yeah, right, Donnelly to a media company and then on to CTP. Well, maybe I'm reading Judge Garvis' ruling incorrectly, but on page 12 of his ruling, he says, Donnelly purported to assign the rights to media. However, Donnelly did not own the rights it purported to transfer. Hence, Banta continued to own the rights to the patent in suit.  and not Banta's assets, that Donnelly didn't own the patent and therefore its purported assignment to media was ineffectual. And then he goes on to say, well, okay, on May 24, 2013, Banta executed a written assignment non-protonque to Donnelly. But then he says that that's ineffective. You can't... you can't retroactively assign that which was not assigned at the time. So as I read this ruling, Banta still owns the patent, according to Judge Garvis. I guess we'd have to look at the assignments that were executed last week to see how that was sorted out. But I believe R. R. Donnelly was the signatory. I mean, I know you... but there's a disagreement as to whether Judge Garvis' ruling will withstand scrutiny, but it's a ruling. And as of this moment, it's a ruling by a district court judge that Banta continued to own the rights to the patent in suit. And then he goes on, he even says, you know, you can cure this by having an assignment from Banta, but that hasn't happened. So that's why I asked the question of whether this assignment that supposedly fixes this problem came from Banta. And what I hear you saying is that no, it came from Donnelly. It came from Donnelly, which now owns... I think Banta has been subsumed and I'm... my friend would be the better person to ask the relationship between R. R. Donnelly and Banta, but presumably the assignments they executed last Friday were to cure these issues as they filed a suit on Monday against another company. So presumably they cured or believed that they cured those issues. Are all of these assignments the ones that are referred to by Judge Garvis? Are they all in the record? I'm referring to an assignment that was filed on this past Monday in a new lawsuit. I know, but I'm asking you the question of are the assignments in some place? Are they of record before the district court? Well, they're of record in the PTO. They're of record in the district court. I don't believe they're in the joint appendix. They're in the district court but not in the joint appendix. Correct. Okay. But again, as I said, the notice of what has been going on here for the past couple of years was well known to Donnelly or Banta. So there's been no attempt to intervene at any point along this process at the PTAB. There's been representations made and powers of attorneys filed that they're authorized to act on behalf of this patent. So again, I think it's a question. I know these things get technical, maybe hyper-technical, but in the end there's some consequence if title is not proper. And everybody could have all good intentions and believe that they're dealing with the parties that they think have the rights, but if the party doesn't have the rights, the party doesn't have the rights. So that's an issue I think we have to resolve. Okay. But just as a hypothetical matter, would you agree that if the party that had been defending the patentability, validity of a patent in a PTO proceeding that that wasn't the patent owner and that the true patent owner, there's no evidence in the record that the true patent owner was aware that the proceeding was taking place, then would it be your position that that proceeding was not a legitimate one and needed to be terminated? I would think the proceeding is against the patent, not the patent owner. So there would certainly be some ethical issues that are on behalf of the patent owner but are not. But in terms of challenging the patent itself, I wouldn't see the issue there, especially where there's knowledge of the parties that may or may not still have interest. There was no attempt, like I say, for anyone to step up and contest that CTP was not. There's no case or rule you know that says that the patent owner doesn't have to be present or even aware of a cancellation proceeding of the patent in the PTO, right? No, I'm aware of no such rule. The rules are to provide notice to the record patent owner. You don't think there's a due process problem when a recognized property right is taken away from the actual property owner without notice to the property owner? Without notice, in this case. Correct. So you want to sort out the regulation? Sure. Let's jump into that. I'm surprised to hear appellant discuss an abuse of discretion here. It wasn't discussed in its opening brief. There was no discussion of what the patent office did as not being in accordance with the law or arbitrary and capricious. There was just an argument that the patent office should have applied a different rule instead of finding in the way that it had. That is that the evidence came in as fair rebuttal evidence as this court has authorized in the Genzyme decision and the Belden case just to name two recent decisions. There's no explanation in the briefing as to why those decisions are wrong. There's no explanation in the briefing as to why the board should not have accepted this evidence as a fair rebuttal to what was raised in CTP's patent owner response. I'm not sure about no explanation. Their current view is 42 what is it 123B is the sole governing standard for the submission of here evidence with a reply because there's nothing else in the statute in fact nothing else even in the regulations about evidence with a reply. There isn't even a specific section that says the petitioner may file a reply. You have to infer that from these page limit rules which is somewhat odd. But their view is if you're going to submit evidence with a reply there's only one authorization for that the supplemental information regulation. Even the statute uses the term supplemental information in 316A3 and the standard of you couldn't have submitted that evidence before just isn't met. They could have submitted the evidence. It was your guy. That's their theory your honor. Right so why is that? Well there's been thousands of IPR proceedings not a single one of them has followed that rule. And for good reason it's just simply unrelated to the issues here. This evidence came in under really two avenues properly which is number one is rebuttal evidence so it's fair game. Number two they objected to the Apogee declaration of Mr. Swettons and they filed their objections under 4264B1. 4264B2 says in 10 days as a matter of right you can serve the other side with supplemental evidence which is what we did. The decisions that they cite to 4264B1 so in addition to this being fair rebuttal evidence they actually asked for it. They objected to it we responded and filed and served supplemental evidence. The cases they cite to for the proposition that there's some confusion is not any confusion between supplemental information supplemental evidence it's well if there is supplemental evidence and I serve it on the other side when do I get to file it? That handy quilt case makes pretty clear the reason why the patent office has this rule of well you just serve it because we don't want it in the record if people aren't going to argue about it later. If you get an objection as a matter of right you can serve the other side with supplemental evidence. If they go forward and file a motion to exclude you can file it in your opposition because now it becomes relevant because there's a dispute what you gave them evidently they didn't think cured the issue. Supplemental evidence is an avenue a procedural avenue to get evidence in as a matter of right if there's an objection. Supplemental information is when you go to the board and you want to preemptively file something in that short time frame. Generally speaking it's very rarely used. When it is used it's usually something from a patent owner because if you think about it the petition is granted, there's institution, the petitioner is usually fairly happy, there's nothing they want to get in at that point, they'll wait for trial, the patent owner may come in with some real parting interest information or something that they've become aware of recently that they think is important or some claim construction issue that came from the district court. So the difference between supplemental information and supplemental evidence is that they're just two procedural avenues for introducing evidence. One is a matter of right, the other one you have to go and ask to file a motion for. There's no confusion whatsoever. This is the way thousands of these proceedings have operated. The Nuvasiv case that was cited in a footnote to the petitioner as opposed to the rule-based supplemental evidence, I'd also point out that that  not only non-precedential but it was issued in 2013 prior to Genzyme, prior to the Belden case. So it also includes statements in there that are just plain wrong such as the petitioner must put all of its evidence and arguments in the petition and it can't stray from it. That's the exact opposite of what Genzyme said. So that decision, first of all, it's a single decision, single footnote. There's been thousands of cases. Nobody files a motion to get in supplemental evidence. It comes in, like I said, it gets served and to the extent it needs to come into the record because there's a dispute later, it's typically appended to the opposition to the motion to exclude. There's no dispute as between supplemental information and supplemental evidence and in any event, the board's actual basis for allowing this evidence was as just fair rebuttal evidence. Nowhere is there any explanation as to why that's wrong. As the record stands, we have unrebutted testimony, not only from someone within an organization that was responsible for getting this Apogee document drafted, but ordered from the printer, sent to warehouses, cataloged in internal archives, hundreds of thousands of these brochures were then distributed globally. We followed those all the way through to the chain, through the salesman, and actually handed it out at trade shows, uploaded it on his website, so there's way more than substantial evidence here. There really is no dispute that the ... Well, there is a dispute, but at least from the perspective of a Pele, the evidence here is overwhelming that Apogee was a printed publication. The dispute seems to be one about whether or not  abused its discretion, but that was never even raised in their opening brief. So that's where we are with respect to Apogee. We didn't really have any argument on the merits of Apogee at the time, but we did have an argument    Apogee  printed  and we did have an argument about whether or not Apogee was a printed publication, and we did have an argument about that. But not to be the dead horse here, but going back to Judge Garbus's ruling, he did say, he did treat the Nung Pro Tung assignment, which was executed May 24, 2013, as an assignment to Donnelly, albeit not retroactive. So theoretically then, Donnelly would have owned the patent at least as of May 24, 2013, which may have very well cleared up this whole issue. Yeah,  correct, Your Honor. The issue in the District Court related to earlier filings and constitutional standards. Right. Okay. Thank you, Mr. Garbus. There are a couple issues raised by my friend that should be addressed. One is the difference between the Belding case, Your Honors. Before we get into that, do you dispute that Donnelly was served the petition back in 2014? The petition named CTP Innovations. And so if you serve someone, if you serve the House or serve the Congress? No, my understanding is they submitted, they served the petition on both CTP and Donnelly. Kind of like a boots and suspenders thing. They knew that you or at least you CTP claimed to be the owner of the patent at that time. And they recorded the patent owner which I believe at that time they are saying was Donnelly. So that's why I'm just trying to figure out if you happen to know or if you happen to dispute whether or not that second filing, that second filing was served on that day. I don't know. And when  going to decide whether or not to appeal Judge Garbus's decision? I hope soon. Because that may be an outcome that would resolve this issue rather than set aside this appeal for lack of standing or set aside the opportunity to appeal before these. Before we go through all this work twice or three times. Is it your understanding that Banta issued an assignment to Donnelly back in 2013 as Judge Lynn indicated when reading the document? I believe that is accurate. I believe the court also found on page 12 of that order certainly Banta has the ability to and did transfer the rights to Donnelly on May 24th, 2013. The alternative was Banta could have transferred the  to Donnelly on May 13th. I do not believe there is a dispute that Donnelly owns the patents at least according to Judge Garvis's ruling. It increasingly sounds to me as though there may not be any dispute among you all about what has happened and how this case may properly be decided here upon the last Friday's assignments. If it is possible, within a week, can you submit papers providing us the assignments and any explanation about why they are complete and effective to have this case decided? It is always best if you can submit it jointly. If there are disagreements, then submit stuff separately. We will do so, Your Honor. May I make one final point? I see my time has expired. This case is different than Belden and the Genosis cases in that in those cases it does not appear that the issue of 42.123 was applied and considered. It also does not appear that it was appealed. For those reasons, we think this is a new issue the court should look at and the board's decision should be reversed. Just so I can understand something that Judge Toronto indicated, if those assignments clear up who is the owner today and you don't appeal Judge Garbus's decision, then would you have the position that you can't reach the merits of this appeal? I believe my client would like to see this appeal and would take the position that the panel may proceed on this. We would not contest going forward if the court would like to issue a decision. In a week we will hear fully considered cases submitted and the court will stand in recess. All rise. The Honorable Court is adjourned  morning at 10 o'clock.